UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES H. CARNER, III, | CASE NO. C08-0586-JLR-MAT |
| Plaintiff, | |
| v. | |
| | REPORT AND RECOMMENDATION |
| OFFICER JEFF HANCOCK, | |
| Defendant. | |

## INTRODUCTION

This is a *pro se* civil rights action under 42 U.S.C. § 1983. Plaintiff is a state prisoner who alleges that he was twice arrested improperly by defendant, Officer Jeff Hancock of the King County Sheriff's Office. Officer Hancock has filed a motion for summary judgment, to which plaintiff has filed a response (Dkt. Nos. 22, 27). The Court, having considered the briefs of the parties, concludes that defendant's motion for summary judgment should be granted and that plaintiff's complaint, and this action, should be dismissed with prejudice.

## FACTS

The essential facts underlying this lawsuit are undisputed. On April 6, 2007, around 11

REPORT AND RECOMMENDATION
PAGE -1

p.m., Officer Hancock was on foot patrol when he saw plaintiff and a woman named Teresa Fernen in the front yard of a house in southwest Seattle. (Dkt. No. 24 at 2). Plaintiff and Ms. Fernen appeared to be intoxicated. (*Id.*) Officer Hancock was accompanied by an employee of the Washington Department of Corrections, Officer Mike Schemnitzer, who informed Officer Hancock that plaintiff was in violation of his probation conditions. (*Id.*) Officer Hancock checked whether plaintiff had any outstanding warrants and learned that plaintiff had been ordered by King County Superior Court to have no contact with Ms. Fernen. (*Id.*) Officer Hancock proceeded to arrest plaintiff, who resisted being handcuffed. (*Id.*) Officers Hancock and Schemnitzer applied "hands-on control holds" to detain plaintiff until back-up units arrived. (*Id.*) Once other officers arrived, plaintiff was hand-cuffed and taken to King County Jail ("Jail").

When plaintiff was booked into the Jail, he was examined by a corrections officer as part of an intake procedure designed to ensure that incoming inmates are not in need of any medical attention. (Dkt. No. 25). The officer completed a form on which he checked a box indicating that plaintiff had "no observed medical problems." (*Id.* at 2). Nor did plaintiff tell the officer he had any problems. (*Id.*)

A few days later, plaintiff requested to be seen by medical staff at the Jail. (Dkt. No. 27, Medical Kite dated April 10, 2007). He complained of "shooting pains" in his right arm from the shoulder to the elbow, which he said he had tolerated for over 72 hours. (*Id.*) A nurse evaluated him and noted that he had bruises on his arm. (*Id.*)

Plaintiff was arrested again by Officer Hancock on December 6, 2007. (Dkt. No. 24 at 2). Like the previous arrest, plaintiff was seen violating the no-contact order with Ms. Fernen, but this time Officer Hancock took plaintiff into custody without having to use any force. (Dkt. No. 24

REPORT AND RECOMMENDATION
PAGE -2

at 3). Plaintiff alleges that after the arrest, however, Officer Hancock attempted to extort money from him and did not believe plaintiff when he told the officer that he had already spent his "government assistance money . . . [and] therefore had none left for [Officer Hancock] to extort." (Dkt. No. 6 at 3). Plaintiff alleges that in order to substantiate plaintiff's story, Ms. Fernen bought Officer Hancock a coffee drink, which, demonstrated, in a manner that is not clear to the Court, that plaintiff's balance "was already used up." (*Id.*)

On April 15, 2008, plaintiff submitted a proposed civil rights complaint to the Court pursuant to 42 U.S.C. §1983. (Dkt. No. 1). The Court found the complaint deficient and granted plaintiff leave to amend. (Dkt. No. 5). Plaintiff filed an amended complaint on May 5, 2008. (Dkt. No. 13). Defendant filed an answer on June 26, 2008, followed by a motion for summary judgment on September 30, 2008. (Dkt. No. 22). Plaintiff filed a response to the motion and defendant filed a reply. (Dkt. Nos. 27, 28). The matter is now ready for review.

## DISCUSSION

Summary judgment is proper only where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The court must draw all reasonable inferences in favor of the non-moving party. *See F.D.I.C. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992), *rev'd on other grounds,* 512 U.S. 79 (1994).

The moving party has the burden of demonstrating the absence of a genuine issue of material fact for trial. *See Anderson*, 477 U.S. at 257. "When the moving party has carried its

burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . .Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Scott v. Harris*, __U.S.__, 127 S. Ct. 1769, 1776 (2007) (internal citation and quotation omitted). Conclusory allegations in legal memoranda are not evidence, and cannot by themselves create a genuine issue of material fact where none would otherwise exist. *See Project Release v. Prevost,* 722 F.2d 960, 969 (2nd Cir. 1983).

In order to sustain a cause of action under 42 U.S.C. § 1983, plaintiff must show (I) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (ii) that the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the Complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

As previously described, plaintiff alleges in his § 1983 civil rights complaint that Officer Hancock arrested him twice improperly. The first arrest, on April 6, 2007, was allegedly improper because the officer used excessive force. The second arrest, on December 6, 2007, was allegedly improper because Officer Hancock attempted to extort money from plaintiff. As discussed below, plaintiff has failed to show that a genuine issue of material fact exists regarding both claims.[1]

---

[1] Defendant construes plaintiff's complaint as possibly raising a claim that both arrests were improper because Officer Hancock lacked probable cause. (Dkt. No. 22 at 6). To the extent that the complaint may be so construed, the Court agrees with defendant that such a claim would be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck* articulated the principle that in order

Regarding the excessive force claim, the pertinent question is whether the use of force was objectively reasonable in light of the facts and circumstances confronting Officer Hancock. *See Graham v. Conner*, 490 U.S. 386, 397 (1989). In general, the factors to be considered are the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight. *Id.* at 396.

Applying these factors to the case at bar, the Court has little difficulty in concluding that Officer Hancock was justified in using force when he arrested plaintiff on April 6, 2007. It is undisputed that plaintiff appeared intoxicated, was in violation of a court order, and resisted arrest. (Dkt. No. 24 at 2). The bruises on his arm that plaintiff apparently suffered as a consequence of this use of force are the regrettable result of plaintiff's own resistance. Therefore, Officer Hancock is entitled to summary judgment on this claim.

Regarding the second arrest, the Court finds that plaintiff has offered no evidence, other than his own allegation, that Officer Hancock attempted to extort money from him. Plaintiff attaches much significance to a document that purports to show that a purchase was made in the amount of $2.08 at 9:16 pm on the night of the arrest. (Dkt. No. 28, Ex.7). According to plaintiff, this purchase was the coffee drink that Ms. Fernen bought in order to demonstrate that plaintiff had no money. The Court does not see how the purchase accomplished this purpose, but even if it did, there is no evidence that the purchase was made in response to any attempt to extort

---

to bring a civil rights claim that could undermine the validity of a criminal conviction, a plaintiff must first overturn the conviction. It is undisputed that plaintiff was convicted after both arrests and that these convictions have not been overturned.

money.  Accordingly, Officer Hancock is entitled to summary judgment on this claim as well.

## CONCLUSION

Based on the foregoing, this Court recommends that defendant's motion for summary judgment be granted, and that plaintiff's complaint, and this action, be dismissed with prejudice. This Court further recommends that this dismissal count as a strike under 28 U.S.C. § 1915(g). A proposed order accompanies this Report and Recommendation.

DATED this 24th day of November, 2008.

*[signature]*
Mary Alice Theiler
United States Magistrate Judge